990 So.2d 731 (2008)
In re Alvin JONES.
No. 2008-B-0204.
Supreme Court of Louisiana.
September 19, 2008.

*732 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Alvin Jones, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.

UNDERLYING FACTS
In July 2002, Viola Hilbun retained respondent to represent her in a personal injury claim following an automobile accident. Because the investigation revealed that Ms. Hilbun was at fault in the accident,[1] the case was a financial risk. As such, respondent agreed to represent Ms. Hilbun for a 50% contingency fee. The contingency fee agreement also permitted respondent to charge additional fees if additional legal services were required.
In December 2003, respondent settled Ms. Hilbun's case for $15,000. At respondent's request, the insurance company, State Farm, issued one check in the amount of $7,660.74 made payable to Ms. Hilbun and respondent and one check in the amount of $7,339.26 made payable to Ms. Hilbun, respondent, and Medicare.[2] After properly endorsing the checks, respondent deposited the first into his trust account and forwarded the second to Medicare. On the same date, Ms. Hilbun signed a preliminary disbursement statement indicating that respondent would receive attorney's fees of $3,830.37 (50% of $7,660.74) plus an additional fee of $2,000 for requesting that State Farm issue two settlement checks. The statement also indicated that respondent was entitled to receive payment of expenses of $330.37, while Ms. Hilbun would receive $1,500 and Medicare would receive $7,339.26. Thereafter, respondent provided Ms. Hilbun with statements listing additional office expenses as well as additional medical expenses. Ms. Hilbun rejected these accountings.
In May 2004, Medicare forwarded a refund check to respondent in the amount of $6,650.78. This check was properly endorsed by both Ms. Hilbun and respondent and deposited into his trust account. Respondent's final disbursement statement indicated that Ms. Hilbun was only entitled *733 to $2,950.58 of the $15,000 settlement. However, Ms. Hilbun believed she was entitled to the entire $6,650.78 Medicare refund. Accordingly, she did not authorize disbursement of the funds. Despite this dispute, respondent disbursed the funds, paying the remainder of his claimed fees and expenses as well as all outstanding third-party providers. In August 2004, respondent deposited the sum of $2,950.58 into the registry of the court.

DISCIPLINARY PROCEEDINGS
In May 2004, Ms. Hilbun filed a complaint against respondent with the ODC. Following its investigation, and an unsuccessful effort to resolve the matter through diversion, the ODC filed formal charges against respondent. Respondent answered the formal charges and denied any misconduct. The matter then proceeded to a formal hearing on the merits.

Hearing Committee Report
The hearing committee made a factual finding that respondent charged an unreasonable fee to Ms. Hilbun. Specifically, the committee found that the additional $2,000 fee charged by respondent for requesting the issuance of two separate settlement checks was unreasonable, as was a $166 fee charged to Ms. Hilbun for paralegal services. Further, the committee found that Ms. Hilbun disputed respondent's fee and did not authorize disbursement of the Medicare refund; nevertheless, respondent disbursed the remaining settlement funds over his client's objection. As a result of respondent's conduct, Ms. Hilbun had to hire counsel to assist her in disputing respondent's fee.
Based on these factual findings, the committee determined that respondent's conduct violated Rules 1.5 (charging an excessive fee), 1.15(e) (failure to deposit disputed funds into a trust account), and 8.4(a) (violation of the Rules of Professional Conduct) of the Rules of Professional Conduct. Respondent negligently violated duties owed to his client and to the profession, causing harm to his client.
The committee found the following aggravating factors are present: a dishonest or selfish motive, vulnerability of the victim, and substantial experience in the practice of law (admitted 1990). In mitigation, the committee noted that respondent has no prior disciplinary record.
The committee recommended that respondent be publicly reprimanded, be required to attend Ethics School and Trust Accounting School, and be ordered to make restitution to Ms. Hilbun in the amount of $2,000, plus $166 in paralegal fees, plus $626.92 for the legal fees and costs incurred by Ms. Hilbun.
Neither respondent nor the ODC filed an objection to the hearing committee's recommendation.

Disciplinary Board Recommendation
After review, the disciplinary board determined that the hearing committee's factual findings are not manifestly erroneous and adopted same. As a sanction for respondent's misconduct, the board recommended that respondent be suspended from the practice of law for one year and one day, with six months deferred. The board also recommended that respondent make restitution to Ms. Hilbun of $2,792.92.
Neither respondent nor the ODC objected to the disciplinary board's recommendation, but on our own motion, we ordered the parties to submit briefs addressing the issue of an appropriate sanction.

DISCUSSION
The record supports the factual findings of the hearing committee. Respondent *734 charged an excessive fee and disbursed settlement funds without his client's consent. We find respondent's conduct violated the Rules of Professional Conduct as charged, and that he caused harm to his client. The appropriate sanction for this misconduct is a public reprimand. We further order respondent to pay restitution to Ms. Hilbun.

DECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record and the brief filed by the ODC, it is ordered that Alvin Jones, Louisiana Bar Roll number 19939, be and he hereby is publicly reprimanded. Respondent is ordered to pay restitution to Viola Hilbun in the amount of $2,792.92. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
VICTORY, TRAYLOR and WEIMER, JJ., dissent and would impose a harsher sanction.
NOTES
[1] Ms. Hilbun was 73 years of age at the time of the accident. According to the police report, she failed to yield while trying to turn left, which caused another vehicle to strike hers.
[2] Medicare had a lien on the case, but respondent was concerned that including Medicare as a named payee on a single settlement check would unduly delay the disbursement of funds to Ms. Hilbun.